**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MOTOROLA MOBILITY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 10-867-GMS |
| ) | |
| APPLE INC. and NEXT SOFTWARE, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

|  |  |
|---|---|
|  | ASHBY & GEDDES |
|  | Steven J. Balick (I. D. #2114) |
|  | John G. Day (I.D. #2403) |
|  | Tiffany Geyer Lydon (I.D. #3950) |
| *Of Counsel:* | 500 Delaware Avenue, 8th Floor |
|  | P.O. Box 1150 |
| Matthew D. Powers | Wilmington, DE 19899 |
| Steven S. Cherensky | (302) 654-1888 |
| Jill J. Ho | sbalick@ashby-geddes.com |
| WEIL, GOTSHAL & MANGES LLP | jday@ashby-geddes.com |
| 201 Redwood Shores Parkway | tlydon@ashby-geddes.com |
| Redwood Shores, CA 94065 |  |
| (650) 802-3000 | *Attorneys for Apple Inc. and* |
|  | *NeXT Software, Inc.* |
| Mark G. Davis |  |
| WEIL, GOTSHAL & MANGES LLP |  |
| 1300 Eye Street, N.W., Suite 900 |  |
| Washington, DC 20005 |  |
| (202) 682-7000 |  |

Patricia Young
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

Dated: December 2, 2010

{00462634;v1}

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................... 1

II. MOTION TO DISMISS FOR IMPROPER VENUE ........................................... 3
    A. Relevant Venue Statutes ............................................................................... 3
    B. The District Of Delaware Is An Improper Venue ...................................... 4
        1. NeXT Does Not "Reside" In Delaware Because This Court Cannot Exercise Personal Jurisdiction Over NeXT ............................... 4
        2. The Events Or Omissions Giving Rise To Motorola's Claims For Declaratory Relief Did Not Occur In Delaware ....................... 6
        3. Alternative Venues Were Available To Motorola .................................. 7
    C. Dismissal Of Motorola's Complaint Is The Appropriate Remedy ........................ 8

III. MOTION, IN THE ALTERNATIVE, TO TRANSFER VENUE ................................... 8
    A. Legal Standards For Transfer Motions Pursuant To 28 U.S.C. § 1404(a) ............. 8
    B. If Venue Is Proper In The District Of Delaware, Venue Is Also Proper In The Western District Of Wisconsin ............................................................. 9
    C. Various Factors Favor A Transfer To The Western District of Wisconsin ......... 10
        1. Judicial Efficiency And The Interests Of Justice Favor A Transfer ........ 10
        2. Convenience Of The Witnesses And The Parties Favors A Transfer ...... 11
        3. The Remaining Factors Are Neutral ....................................................... 12
        4. The Court Should Exercise Its Discretion To Transfer .......................... 13
    D. Dismissal Is Warranted Under The Doctrine Of *Forum Non Conveniens* .......... 13

IV. CONCLUSION ........................................................................................................ 14

# **TABLE OF AUTHORITIES**

**Cases**

*Affymetrix, Inc. v. Synteni, Inc.*
   28 F. Supp.2d 192 (D. Del. 1998) .................................................................................. 9, 12

*Belden Technologies, Inc. v. LS Corp.*
   626 F. Supp.2d 448 (D. Del. 2009) ...................................................................................... 4

*Continental Grain Co. v. The Barge FBL-585*
   364 U.S. 19 (1960) ............................................................................................................ 10

*Eastman Kodak Co. v. Studiengesellschaft Kohle*
   392 F. Supp. 1152 (D. Del. 1975) ...................................................................................... 13

*Gulf Oil Corp. v. Gilbert*
   330 U.S. 501 (1947) .......................................................................................................... 13

*Horne v. Adolph Coors Co.*
   684 F.2d 255 (3d Cir. 1982) ................................................................................................ 3

*In re TS Tech USA Corp.*
   551 F.3d 1315 (Fed. Cir. 2008) ........................................................................................... 9

*International Shoe Co. v. Washington*
   326 U.S. 310 (1945) ............................................................................................................ 4

*Jumara v. State Farm Insurance Co.*
   55 F.3d 873 (3d Cir. 1995) .................................................................................................. 9

*Landis v. North American Co.*
   299 U.S. 248 (1936) .......................................................................................................... 13

*Lex Computer & Management Corp. v. Eslinger & Pelton, P.C.*
   676 F. Supp. 399 (D.N.H. 1987) ......................................................................................... 7

*Mentor Graphics Corp. v. Quickturn Design Systems, Inc.*
   77 F. Supp.2d 505 (D. Del. 1999) ................................................................................ 11, 12

*Merck & Co v. Barr Laboratories, Inc.*
   179 F. Supp.2d 368 (D. Del. 2002) .............................................................................. 4, 5, 6

*Pastewka v. Texaco, Inc.*
   420 F. Supp. 641 (D. Del. 1976) ....................................................................................... 13

*Sandvik Ab v. Advent International Corp.*
   83 F. Supp.2d 442 (D. Del. 1999) ..................................................................................... 13

*Shutte v. Armco Steel Corp.*
   431 F.2d 22 (3d Cir. 1970) ................................................................................................ 10

*St. Clair Intellectual Property Consultants, Inc. v. Mirage Systems, Inc.*
  419 F. Supp.2d 620 (D. Del. 2006) .................................................................................. 7

*Stewart Organization, Inc. v. Ricoh Corp.*
  487 U.S. 22 (1988) .......................................................................................................... 9

*Tuff Torq Corp. v. Hydro-Gear Ltd. Partnership*
  882 F. Supp. 359 (D. Del. 1994) ..................................................................................... 9

*Van Dusen v. Barrak*
  376 U.S. 612 (1964) ........................................................................................................ 9

*VE Holding Corp. v. Johnson Gas Appliance Co.*
  917 F.2d 1574 (Fed. Cir. 1990) ...................................................................................... 3

**Rules and Statutes**

10 Del. C. § 3104(c) ............................................................................................................ 4, 5

28 U.S.C. § 1391(b) ........................................................................................................ passim

28 U.S.C. § 1391(c) ........................................................................................................ 3, 4, 6

28 U.S.C. § 1400(b) ................................................................................................................ 3

28 U.S.C. § 1404(a) ........................................................................................................... 8, 10

28 U.S.C. § 1406(a) ................................................................................................................ 8

Federal Rule of Civil Procedure 12(b)(3) ............................................................................ 1, 2

**Other Authorities**

Lemley, Mark A., "Where to File Your Patent Case," 38 AIPLA Q.J. No. 4 (Fall 2010) ........... 11

Plaintiff Motorola Mobility, Inc. ("Motorola") filed its Complaint for Declaratory Relief against Defendants Apple Inc. ("Apple") and NeXT Software, Inc. ("NeXT") (collectively "Defendants") on October 8, 2010. *See* Declaration of Jill J. Ho in Support of Defendants' Motion to Dismiss or, in the Alternative, to Transfer Venue [hereinafter "Ho Decl."] Exh. A. Pursuant to the Court's order of November 1, 2010, approving the stipulation of the parties (D.I. 6), Defendants' responses to the Complaint are due on December 2, 2010. For the reasons stated below, Defendants respectfully move to dismiss Motorola's complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). In the alternative, Defendants move to dismiss on grounds of *forum non conveniens* or to transfer Motorola's declaratory judgment claims in this action to the Western District of Wisconsin, where there is pending patent litigation between the parties and where Apple and NeXT are asserting against Motorola the patents that are the subject of Motorola's declaratory judgment complaint.

## I.     INTRODUCTION

This case arises out of a multi-district patent dispute between Motorola (and Motorola, Inc.) and Apple.[1] Two days before filing its complaint in this district, on October 6, 2010, Motorola filed ***four*** patent-infringement complaints against Apple: one in the Southern District of Florida, *see* Ho Decl. Exh. B; two in the Northern District of Illinois, *see* Ho Decl. Exhs. C & D; and one with United States International Trade Commission ("USITC"), *see* Ho Decl. Exh. E. On October 29, 2010, Apple filed its own complaints in the Western District of Wisconsin, *see* Ho Decl. Exhs. F-G, and with the USITC, *see* Ho Decl. Exh. H. On November 9, 2010, Motorola voluntarily dismissed the two complaints it had filed in the Northern District of Illinois, ***its home forum***, *see* Ho Decl. Exhs. I-J, in order to assert infringement of those sets of

---

[1] Defendant NeXT is a wholly-owned subsidiary of Apple.

{00462634;v1}

patents as counterclaims against Apple in the Western District of Wisconsin, *see* Ho Decl. Exhs. K-L.  On November 18, 2010, Apple answered Motorola's complaint in the Southern District of Florida and asserted infringement of additional patents via counterclaims.  *See* Ho Decl. Exh. M.  Thus, Motorola and Apple are currently engaged in patent litigation in three other fora (the ITC, the Western District of Wisconsin, and the Southern District of Florida) involving 30 U.S. patents in addition to the 12 U.S. patents that are the subject of Motorola's declaratory judgment complaint filed here.

Pursuant to Federal Rule of Civil Procedure 12(b)(3), Motorola's complaint here should be dismissed for improper venue.  Because NeXT does not "reside" in Delaware and this is not "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," venue is not proper in the District of Delaware.  *See* 28 U.S.C. § 1391(b).

In the alternative, if this Court finds that venue is proper, it should nonetheless dismiss Motorola's complaint or transfer Motorola's declaratory judgment claims to the Western District of Wisconsin where Apple is asserting, *inter alia*, infringement of the same patents.[2]  *See* Ho Decl. Exh. N.  Because this case involves common parties, common patents (among others), and common accused products as Case No. 1:10-cv-00662 pending in that district, judicial efficiency would be best served if this Court dismissed or transferred Motorola's complaint in order to avoid duplicate litigation.

For these reasons, Apple respectfully requests that the Court dismiss Motorola's complaint for declaratory judgment or transfer those claims to the Western District of Wisconsin.

---

[2] That Motorola favors the Western District of Wisconsin (even over its home forum, the Northern District of Illinois) is further confirmed by the multiple complaints it recently filed against Microsoft Corporation in that district.  *See* Ho Decl. Exhs. O-P.

## II. MOTION TO DISMISS FOR IMPROPER VENUE

### A. Relevant Venue Statutes

The sole statement regarding venue in the complaint is that "[v]enue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b)." *See* Compl. at ¶ 12. Section 1400(b) provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Motorola's complaint, however, is not a "civil action for patent infringement" under § 1400(b) but instead seeks declaratory judgment of non-infringement and invalidity of Apple's patents. It is well-established that § 1400(b) does not apply to such an action. *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990); *see also Horne v. Adolph Coors Co.*, 684 F.2d 255, 260 (3d Cir. 1982) (holding that "in declaratory judgment suits for patent invalidity or non-infringement the general venue provision, 28 U.S.C. § 1391, applies, rather than 28 U.S.C. § 1400(b)").

Thus, the Court should apply §§ 1391(b) and (c), which provide:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in
    (1) a judicial district where any defendant resides, if all defendants reside in the same State,
    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
    (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

(c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no

such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

B. **The District Of Delaware Is An Improper Venue**

1. **NeXT Does Not "Reside" In Delaware Because This Court Cannot Exercise Personal Jurisdiction Over NeXT**

Under § 1391(b)(1), venue would be proper in the District of Delaware, if **both** Apple and NeXT reside in Delaware; here, venue is improper because NeXT does not. Apple and NeXT are corporations and therefore deemed to "reside" in a judicial district if subject to personal jurisdiction in that district. *See* 28 U.S.C. § 1391(c). In other words, the analysis of whether venue is proper under this subsection depends on whether Apple and NeXT are subject to personal jurisdiction in Delaware. *See Belden Techs., Inc. v. LS Corp.*, 626 F. Supp.2d 448, 459 (D. Del. 2009) (Robinson, J.).

In order for personal jurisdiction to exist, "two requirements, one statutory and one constitutional, must be satisfied." *Merck & Co v. Barr Labs., Inc.*, 179 F. Supp.2d 368, 371 (D. Del. 2002) (Farnan, J.). With respect to the statutory requirement, the Court must consider the Delaware long-arm statute. *See* 10 Del. C. § 3104(c) (enumerating situations when "a court may exercise personal jurisdiction over any nonresident"). As for the constitutional requirement, the Court must determine whether an exercise of jurisdiction would comport with the Due Process Clause of the United States Constitution. *See generally Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (holding that a defendant must have certain minimum contacts with the forum state to ensure that exercising jurisdiction "does not offend 'traditional notions of fair play and substantial justice'") (internal citation omitted). Delaware courts have construed the state's long-arm statute broadly to confer jurisdiction to the maximum extent permitted by the Constitution, but have not collapsed the statutory analysis into the constitutional due process analysis. *Merck*, 179 F. Supp.2d at 372 (citations omitted). It is Motorola's burden to establish

that "sufficient minimum contacts have occurred" between Defendants and the state of Delaware to support either specific jurisdiction or general jurisdiction. *Id.* at 371 (citations omitted).

Motorola alleges that Apple and NeXT are both California corporations having a principal place of business in California. *See* Compl. at ¶¶ 4-5. Motorola asserts that this Court nonetheless has personal jurisdiction over Apple because "Apple transacts business in this District by means of retail operations within this District." *Id.* at ¶ 9. Apple does not dispute that it has a retail store in Newark, Delaware. Even assuming *arguendo* that personal jurisdiction over Apple exists, however, Motorola's sole basis for asserting that this Court has personal jurisdiction over NeXT appears to be that "NeXT and/or Apple on behalf of NeXT, has purposefully directed its activities at this District by professing rights under the '721 patent against Motorola Mobility as a subsidiary of Motorola, Inc.—both corporations organized and existing under the laws of the State of Delaware—and thus, NeXT expects or should reasonably expect to be haled into court here." *See* Compl. ¶ 10.

The Delaware long-arm statute does not authorize the exercise of personal jurisdiction over NeXT simply because Motorola is incorporated in Delaware. *See* 10 Del. Code § 3104(c) (requiring the enumerated acts to be performed "in the State," "in this State," or "within the State" for specific jurisdiction). Motorola erroneously ignores the distinction between a party's contacts with an entity incorporated under the laws of a particular forum and contacts with that forum itself. For purposes of analyzing venue, it is the latter that matters.

As Motorola's complaint acknowledges, its principal place of business is in the state of Illinois, not in Delaware. *See* Compl. at ¶ 3. Motorola has **not** alleged that any of Apple's or NeXT's acts of "professing rights under the '721 patent against Motorola Mobility," *id.* at ¶ 10, occurred within the state of Delaware. Indeed, Motorola does not allege any acts by

NeXT whatsoever. The only subsection of the long-arm statute that could support the exercise of personal jurisdiction over NeXT for acts performed outside the state of Delaware is § 3104(c)(4), which provides that general jurisdiction only exists "if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State." Motorola does not allege—and cannot prove—that any of those conditions are met.

Even if jurisdiction were proper under the Delaware long-arm statute, an exercise of jurisdiction would violate NeXT's constitutional right to due process. NeXT is incorporated in California, not Delaware, and has no offices, facilities, or employees in Delaware. As such, Motorola cannot show that NeXT has "significantly more than mere minimum contacts" with Delaware, much less "continuous and systematic general business contacts," as it would need to prove in order to establish general jurisdiction. *See Merck*, 179 F. Supp.2d at 375 (citation omitted).

For these reasons, personal jurisdiction over NeXT does not exist. Therefore, Motorola cannot establish venue under § 1391(b)(1).

2. **The Events Or Omissions Giving Rise To Motorola's Claims For Declaratory Relief Did Not Occur In Delaware**

Alternatively, under § 1391(b)(2), venue would be proper if "a substantial part of the events or omissions giving rise to the claim occurred" in the District of Delaware. As noted above, however, Motorola does *not* allege that Defendants performed any particular acts of "professing rights under the '721 patent against Motorola Mobility" within the state of Delaware.[3]

---

[3] Notably, at least one court outside this district has expressly found that the plaintiff failed to meet its burden of establishing venue over its declaratory judgment action for patent invalidity when the defendant's infringement notice letters were not sent to the forum state. *See Lex Computer & Mgmt. Corp. v. Eslinger & Pelton, P.C.*, 676 F. Supp. 399, 406 (D.N.H. 1987).

In *St. Clair Intellectual Property Consultants, Inc. v. Mirage Systems, Inc.*, Judge Farnan granted a motion to dismiss for improper venue under analogous circumstances. 419 F. Supp.2d 620 (D. Del. 2006). Noting that "[a]ll of the events and omissions leading up to the ownership dispute occurred in the state of California," the Court found as follows:

> The subject matter of the patents-in-suit was invented in California, by inventors who were living in California, and working for Mirage, a California corporation, under an employment contract governed by California law. Whether Plaintiff was ever assigned title to the patents, or whether Mirage rightfully took title to the patents by operation of law, can only be determined by examining the events and omissions that occurred in California. There are no events or omissions that have transpired in Delaware that are relevant to determining ownership.

*Id.* at 623. Here, too, the subject matter of the patents-in-suit was invented in California, all of the named inventors were living in California, and working for California corporations, namely Apple or NeXT. Thus, events or omissions related to Motorola's declaratory judgment claims of patent invalidity are likely to have occurred in California. Conversely, because Motorola's primary place of business is in Illinois, any events or omissions related to its declaratory judgment claims of non-infringement are unlikely to have occurred in Delaware.[4] Thus, Motorola cannot establish venue under § 1391(b)(2).

### 3. Alternative Venues Were Available To Motorola

Under § 1391(b)(3), venue would be proper in a district "in which any defendant may be found, if there is no district in which the action may otherwise be brought." Even if Apple could be "found" in Delaware, however, § 1391(b)(3) would not apply because the predicate condition is not met; there are other districts where Motorola's action could have otherwise been brought. For example, both Apple and NeXT are California corporations with

---

[4] Apple and NeXT have currently pending litigation against High Tech Computer Corp. ("HTC") in the District of Delaware, but whether *Motorola* infringes Apple's and NeXT's patents is a separate question.

primary places of business in California. As such, Motorola could have brought its declaratory judgment claims against Defendants in at least the Northern District of California.

C. **Dismissal Of Motorola's Complaint Is The Appropriate Remedy**

If venue is improper where the case was filed, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a). While other actions between the parties are currently pending in the Western District of Wisconsin and the Southern District of Florida (such that a transfer to one of those districts would further the interests of judicial economy, *see* Section III.C.1, *infra*), Motorola could not have originally filed its declaratory judgment claims against Defendants in either Wisconsin or Florida, for the same reasons venue is improper in Delaware. On the other hand, transferring this case to the Northern District of California, admittedly a permissible cure under § 1406(a), would achieve no judicial efficiency. Accordingly, Defendants respectfully urge the Court to dismiss Motorola's complaint.

III. **MOTION, IN THE ALTERNATIVE, TO TRANSFER VENUE**

If the Court denies Defendants' motion to dismiss for improper venue, Defendants move, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a) or to dismiss on the grounds of *forum non conveniens*.

A. **Legal Standards For Transfer Motions Pursuant To 28 U.S.C. § 1404(a)**

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Congress authorized courts to transfer venue in order to avoid unnecessary inconvenience to the parties, witnesses, or the public, and to conserve time, energy, and money. *See Van Dusen v. Barrak*, 376 U.S. 612, 616 (1964). The decision whether to transfer a case is within the trial court's discretion and requires an

"individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

In order to obtain a transfer of venue, the moving party must demonstrate that "on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).[5] Both private and public interests are considered in "a multi-factor balancing test." *Id.* at 875. A nonexclusive list of such factors may include: the plaintiff's choice of forum; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties; the convenience of the witnesses; the location of documents and evidence; the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty resulting from court congestion; the local interest in deciding local controversies at home; and public policies. *Id.* at 879-80 (citations omitted). In short, courts must consider whether transferring the action "would convenience (1) the parties and (2) the witnesses, while (3) serving the interests of justice." *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp.2d 192, 197 (D. Del. 1998) (Sleet, J.).

B. **If Venue Is Proper In The District Of Delaware, Venue Is Also Proper In The Western District Of Wisconsin**

The threshold question in any motion to transfer venue is whether the plaintiff could have brought suit in the proposed transferee court. *See Tuff Torq Corp. v. Hydro-Gear Ltd. Partnership*, 882 F. Supp. 359, 361 (D. Del. 1994) (Robinson, J.). While Defendants do not agree that venue is proper in the District of Delaware for the reasons discussed above, *see*

---

[5] Although this is a patent infringement action, on issues unrelated to substantive patent law, the Federal Circuit applies the laws of the regional circuit in which the district court sits, in this case the Third Circuit. *See e.g., In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

Section II, *supra*, to the extent this Court finds that venue is proper for Motorola's declaratory judgment claims in Delaware, venue is no less proper in the Western District of Wisconsin.

Here, Motorola asserted that venue was proper over its counterclaims against Apple in the Western District of Wisconsin for essentially the same reasons that it alleged venue was proper in this district, *i.e.*, that Apple operates retails stores within both districts and places allegedly infringing devices within the stream of commerce. *Compare* Ho Decl. Exh. A with Exhs. K-L. Thus, it can hardly dispute that, if venue is found to be proper in the District of Delaware, this action could also have originally been brought in the Western District of Wisconsin.

      C.      **Various Factors Favor A Transfer To The Western District of Wisconsin**

Once it has been established that this action could have been brought in the transferee forum, the private and public factors must then be considered. Although the plaintiff's choice of forum is generally given considerable deference, *see Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970), on balance these factors favor a transfer.

      1.      **Judicial Efficiency And The Interests Of Justice Favor A Transfer**

One of the primary factors favoring a transfer in the instant case is the existence of currently pending, related litigation in the transferee forum. As the U.S. Supreme Court has explained, litigating the same issues in different courts inevitably "leads to the wastefulness of time, energy and money that §1404(a) was designed to prevent." *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26 (1960). Transferring Motorola's declaratory judgment claims to the Western District of Wisconsin, where Apple's "mirror" patent infringement claims are pending, would provide genuine opportunities to streamline discovery. Indeed, were this litigation to proceed, the parties would almost certainly seek repeated depositions from the same set of witnesses and discovery about the same accused products.

Litigating claims between the same parties regarding the same patents in both Wisconsin and Delaware would considerably complicate discovery and pretrial proceedings. Judicial efficiency is hardly served by forcing multiple courts to resolve the similar discovery disputes regarding protective orders, motions to compel or quash discovery, or third-party discovery. Closer to trial, the parties would likely raise similar motions *in limine* and disputes concerning jury instructions, thus creating a serious risk of conflicting evidentiary rulings. Moreover, to the extent that the parties consider settlement, negotiations in one case will be inextricably intertwined with events in another case. Allowing related cases to proceed on separate schedules in separate courts would complicate settlement discussions and potentially hamper a global settlement between the parties.[6]

2. **Convenience Of The Witnesses And The Parties Favors A Transfer**

The only connection to Delaware is that Motorola is incorporated here, but a party's state of incorporation is not one of the § 1404 factors and "is certainly not dispositive." *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp.2d 505, 509 n.6 (D. Del. 1999) (Sleet, J.). As Motorola states in its complaint, it has its principal place of business in Libertyville, Illinois. *See* Compl. at ¶ 3. Apple and NeXT are both California corporations, headquartered in Cupertino, California. *Id.* at ¶¶ 4-5. None of the potential witnesses or sources of evidence are likely to be located in Delaware. Moreover, all of the probable third-party witnesses are outside of this Court's subpoena power.

---

[6] The likelihood that the actions in Wisconsin and Delaware would proceed on different schedules is high. As noted in one recent article, the average time to trial in the Western District of Wisconsin is 0.67 years, while the average in the District of Delaware is 2.03 years. *See* Ho Decl. Exh. Q [Lemley, Mark A., "Where to File Your Patent Case," 38 AIPLA Q.J. No. 4 at 17 (Fall 2010)].

Indeed, of the twelve Apple patents listed in Motorola's complaint, <u>all</u> of the named inventors are identified on the patents-at-issue as residing in California. Motorola's witnesses likely all reside outside of Delaware (Motorola has no significant operations in Delaware) and are likely mostly located in the Midwest, near Motorola's principal place of business. Indeed, for both Apple and Motorola's witnesses, Wisconsin is much closer than Delaware. Moreover, because all of these third-party witnesses must already travel to Wisconsin if called to testify, it would be both inconvenient and costly to force the parties to re-litigate the same issues in Delaware.

Although Apple and Motorola are both large corporations that are not likely to experience extreme hardship as a result of the financial burdens of this particular litigation, transferring Motorola's declaratory judgment claims to the Western District of Wisconsin would undoubtedly reduce the overall costs incurred by both parties. In addition, the added expense of local Delaware counsel would also be avoided if this case were transferred. *Id.* at 510 n.7.

### 3. **The Remaining Factors Are Neutral**

As a patent infringement action, there is no true local interest because the issues raised will have "national, indeed, international implications." *Affymetrix*, 28 F. Supp.2d at 208. Similarly, the other remaining public and private factors are largely neutral. For example, while all of the documents are located outside the district, production of those documents is unlikely to be more burdensome in Wisconsin than it would be in Delaware.

### 4. **The Court Should Exercise Its Discretion To Transfer**

Both increased judicial efficiency and the convenience to the parties as well as third-party witnesses tip the "balance of convenience" strongly in favor of transfer. It is within

the Court's discretion to transfer Motorola's declaratory judgment claims to the Western District of Wisconsin and it should do so here.

D. **Dismissal Is Warranted Under The Doctrine Of *Forum Non Conveniens***

Alternatively, it is well-established that the Court has the inherent power to decline the exercise of its jurisdiction and may dismiss a case on the grounds of *forum non conveniens*. *Sandvik Ab v. Advent Int'l Corp.*, 83 F. Supp.2d 442, 449 (D. Del. 1999) (McKelvie, J.); *Pastewka v. Texaco, Inc.*, 420 F. Supp. 641, 644 (D. Del. 1976) (Schwartz, J.); *Eastman Kodak Co. v. Studiengesellschaft Kohle*, 392 F. Supp. 1152, 1158 (D. Del. 1975) (Wright, J.); *cf. Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (noting in the context of a stay motion that courts have the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Although both inquiries revolve around whether the litigation can more appropriately be conducted in a different forum, dismissal for *forum non conveniens* is distinct from transferring venue pursuant to 28 U.S.C. § 1404(a); the former arises out of the Court's inherent discretion to decline to exercise its jurisdiction in exceptional cases. *See Sandvik*, 83 F. Supp.2d at 449; *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504 (1947).

In determining whether dismissal is appropriate, courts consider whether there is an appropriate alternative forum, and whether public and private interests weigh in favor of dismissal. *See Gulf Oil*, 330 U.S. at 508-09. For the same reasons as discussed above, Defendants respectfully urge the Court to exercise its discretion to dismiss this action on grounds of *forum non conveniens*.

IV. **CONCLUSION**

For the aforementioned reasons, Defendants respectfully request that the Court dismiss Motorola's Complaint for Declaratory Relief because venue is improper or on grounds

of *forum non conveniens.* Alternatively, Defendants seek a transfer of Motorola's declaratory judgment claims to the Western District of Wisconsin.

|  | ASHBY & GEDDES |
|---|---|
|  | */s/ Tiffany Geyer Lydon* |
|  | _____ |
|  | Steven J. Balick (I. D. #2114) |
|  | John G. Day (I.D. #2403) |
|  | Tiffany Geyer Lydon (I.D. #3950) |
| *Of Counsel:* | 500 Delaware Avenue, 8th Floor |
|  | P.O. Box 1150 |
| Matthew D. Powers | Wilmington, DE 19899 |
| Steven S. Cherensky | (302) 654-1888 |
| Jill J. Ho | sbalick@ashby-geddes.com |
| WEIL, GOTSHAL & MANGES LLP | jday@ashby-geddes.com |
| 201 Redwood Shores Parkway | tlydon@ashby-geddes.com |
| Redwood Shores, CA 94065 |  |
| (650) 802-3000 | *Attorneys for Apple Inc. and* |
|  | *NeXT Software, Inc.* |

Mark G. Davis
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
(202) 682-7000

Patricia Young
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

Dated:  December 2, 2010

{00462634;v1}

14