**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MOTOROLA MOBILITY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 10-867-GMS |
| ) | |
| APPLE INC. and NEXT SOFTWARE, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**
**OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

*Of Counsel:*

Matthew D. Powers
Steven S. Cherensky
Jill J. Ho
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Mark G. Davis
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
(202) 682-7000

Patricia Young
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

Dated: December 30, 2010

ASHBY & GEDDES
Steven J. Balick (I. D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Apple Inc. and NeXT Software, Inc.*

{00471802;v1}

# **TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. THIS ACTION SHOULD BE DISMISSED FOR IMPROPER VENUE ......................... 2
    A. NeXT Did Not Waive Its Personal Jurisdiction Defense ......................................... 2
    B. The Events Or Omissions Giving Rise To Motorola's Claims For
       Declaratory Relief Did Not Occur In Delaware ...................................................... 8
    C. Alternative Venues Were Available To Motorola ................................................... 9
    D. Dismissal Is The Appropriate Remedy .................................................................... 9

III. IN THE ALTERNATIVE, TRANSFER TO WISCONSIN IS APPROPRIATE ........... 10

IV. CONCLUSION .................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*Avocent Huntsville Corp. v. Aten International Co., Ltd.*
   552 F.3d 1324 (Fed. Cir. 2008) ................................................................................................ 8

*Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.*
   444 F.3d 1356 (Fed. Cir. 2006) ................................................................................................ 2

*Burger King Corp. v. Rudzewicz*
   471 U.S. 462 (1985) ................................................................................................................. 6

*Campbell Pet Co. v. Miale*
   542 F.3d 879 (Fed. Cir. 2008) ............................................................................................. 2, 3

*Continental Grain Co. v. The Barge FBL-585*
   364 U.S. 19 (1960) ................................................................................................................ 10

*Foster Wheeler Energy Corp. v. Metallgesellschaft AG*, C.A. No. 91-214-SLR
   1993 WL 669447 (D. Del. Jan. 4, 1993) ........................................................................ 4, 5, 6

*Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.*
   292 F.3d 1363 (Fed. Cir. 2002) ......................................................................................... 2, 3, 4

*General Contracting & Trading Co. v. Interpole, Inc.*
   940 F.2d 20 (1st Cir. 1991) ..................................................................................................... 5

*Lex Computer & Management Corp. v. Eslinger & Pelton, P.C.*
   676 F. Supp. 399 (D.N.H. 1987) ............................................................................................. 9

*Neuralstem, Inc. v. Stemcells, Inc.*
   573 F. Supp. 2d 888 (D. Md. 2008) ..................................................................................... 5, 6

*Pharmanet, Inc. v. DataSci Ltd. Liability Co.*, CA. No. 08-2965
   2009 WL 396180 (D.N.J. Feb. 17, 2009) ............................................................................. 5, 6

*Pro Sports Inc. v. West*
   639 F. Supp. 2d 475 (D.N.J. 2009) .......................................................................................... 5

*Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*
   148 F.3d 1355 (Fed. Cir. 1998) ................................................................................................ 8

*Silent Drive, Inc. v. Strong Industries, Inc.*
   326 F.3d 1194 (Fed. Cir. 2003) ................................................................................................ 2

*St. Clair Intellectual Property Consultants, Inc. v. Mirage Systems, Inc.*
   419 F. Supp. 2d 620 (D. Del. 2006) ......................................................................................... 9

**Rules and Statutes**

28 U.S.C. § 1391 ................................................................................................................ 1, 2, 8, 9

28 U.S.C. § 1400(b) ..................................................................................................................... 2

28 U.S.C. § 1404(a) ................................................................................................................ 2, 10

28 U.S.C. § 1406(a) ..................................................................................................................... 9

Federal Rule of Civil Procedure 12(b)(3) .................................................................................... 1

## I. INTRODUCTION

In its opposition brief, Plaintiff Motorola Mobility, Inc. ("Motorola") fails to raise compelling reasons why this Court should not exercise its discretion to dismiss or transfer Motorola's Complaint for Declaratory Relief against Defendants Apple Inc. ("Apple") and NeXT Software, Inc. ("NeXT") (collectively "Defendants"). Independent of whether Motorola's complaint is the "first-filed" action, Motorola's declaratory judgment claims in the District of Delaware should be dismissed because venue was improper. Motorola does not dispute that venue is proper under 28 U.S.C. § 1391 only if personal jurisdiction exists over **both** Apple and NeXT. Even assuming *arguendo* that personal jurisdiction exists over Apple, the jurisdictional facts alleged by Motorola are insufficient to justify the exercise of personal jurisdiction over NeXT. Specifically, the cases cited by Motorola are non-binding on this Court and/or do not support the broad proposition that NeXT has waived any objections to personal jurisdiction simply because U.S. Patent No. 5,481,721 ("the '721 patent") is being asserted against another party in *Apple Inc. v. High Tech. Computer, Corp.*, C.A. No. 1:10-cv-00166-GMS.[1]

In the alternative, even if this Court declines to grant Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), it can (and should) exercise its discretion to transfer this action to the Western District of Wisconsin or grant dismissal on the grounds of *forum non conveniens*. Because Apple and NeXT are asserting against Motorola the *same* patents that are the subject of Motorola's declaratory judgment complaint in currently pending patent litigation in that district, judicial efficiency would be best served by allowing the parties' disputes to be litigated there. Indeed, as described below, Defendants have proposed combining all of the pending district court litigation in a single venue to maximize efficiency.

---

[1] That action is currently stayed.

## II.     THIS ACTION SHOULD BE DISMISSED FOR IMPROPER VENUE

As a threshold matter, the parties agree that 28 U.S.C. § 1391, rather than 28 U.S.C. § 1400(b), applies here. *See* Opening Br. at 3-4; Opp'n Br. at 6. The parties further agree that the venue inquiry depends on whether both Apple and NeXT are subject to personal jurisdiction in the District of Delaware. *See* Opening Br. at 4; Opp'n Br. at 6. Motorola apparently does not dispute that the Delaware long-arm statute would not authorize the exercise of personal jurisdiction over NeXT; instead, Motorola argues that such an analysis is unnecessary because NeXT waived its objections to personal jurisdiction by asserting the '721 patent against HTC in this district. *See* Opp'n Br. at 7 n.4. Thus, in order to decide whether venue was improper, this Court must consider whether Defendants' prior suit against an unrelated party constituted a waiver of their personal jurisdiction defenses.[2] As described below, each of the cases cited by Motorola is easily distinguishable from the instant facts.

### A.     NeXT Did Not Waive Its Personal Jurisdiction Defense

The two Federal Circuit cases cited by Motorola do not stand for the proposition that assertion of the same patent against another party in prior litigation within the district automatically constitutes a waiver of a personal jurisdiction defense.[3] *See Campbell Pet Co. v. Miale*, 542 F.3d 879 (Fed. Cir. 2008); *Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs.*,

---

[2] Although Motorola asserts that Defendants, as the moving party, have the burden of proving that venue is improper, it is well-settled that it is a plaintiff's burden to demonstrate that personal jurisdiction exists. *See e.g.*, *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003); *see also Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1362 (Fed. Cir. 2006) (further noting that if plaintiff is successful in showing minimum contacts with the forum state, the "burden of proof shifts to the defendant…[to] 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable'") (internal quotation omitted).

[3] While the law of the regional circuit applies to issues unrelated to substantive patent law, such as motions to transfer venue under 28 U.S.C. § 1404(a), Defendants agree with Motorola, *see* Opp'n Br. at 7 n.5, that Federal Circuit law applies to the question of personal jurisdiction over a defendant-patentee in a declaratory judgment action. *See Breckenridge*, 444 F.3d at 1361.

*Ltd.*, 292 F.3d 1363 (Fed. Cir. 2002). Indeed, the *Campbell Pet* case did not even involve a prior litigation.

In *Campbell Pet*, the panel concluded that no general jurisdiction existed but that specific jurisdiction existed because the declaratory judgment defendants had purposely directed activities at residents of the state of Washington **and** that the litigation arose out of the defendants' activities within the state. *See Campbell Pet*, 542 F.3d at 884-86. Thus, *Campbell Pet* is nothing more than a straightforward application of personal jurisdiction law. Specifically, both parties in *Campbell Pet* had attended a three-day convention in Seattle, Washington, during which defendants had allegedly accused plaintiff of infringing certain patents, threatened litigation, and asked the manager of the convention to remove plaintiff's display. The Federal Circuit found that the cause of action for declaratory judgment of non-infringement and invalidity arose from these "attempts at 'extra-judicial patent enforcement'" during the Seattle convention. *Id.* at 886 Notably, however, unlike NeXT's alleged acts of "professing rights under the '721 patent against Motorola Mobility," *see* Compl. at ¶ 10, this activity by the defendants in *Campbell Pet* was both (1) *within the district* where venue was asserted to be improper and (2) *against the same party*, *i.e.*, the declaratory judgment plaintiff.[4]

Similarly, *Frank's Casing* is inapplicable here. There, following jurisdictional discovery, the Court held that personal jurisdiction existed because the declaratory judgment defendants (collectively "PMR") were found to have sufficient contacts with the state from their licenses with Louisiana corporations and the contractual control they maintained over the licensees' use of the patent-in-suit. *Frank's Casing*, 292 F.3d at 1370. After losing their motion to dismiss for lack of personal jurisdiction, PMR filed an amended Answer, Class-Action

---

[4] *Campbell Pet* is also inapposite because it did not involve any waiver of personal jurisdiction based on prior litigation.

Counter-Claim, and First Amended Complaint adding six new parties (to the numerous parties already part of the consolidated declaratory judgment actions) as named defendants alleged to be representatives of a class of unnamed defendants in a patent infringement class action. *Id.* On appeal, the Federal Circuit concluded that PMR had waived its personal jurisdiction defense because it had voluntarily invoked the jurisdiction of the Western District of Louisiana to adjudicate its class action claim. *Id.* at 1371-72. In short, *Frank's Casing* is better characterized as standing for the unremarkable proposition that a patent holder cannot assert a personal jurisdiction defense to declaratory judgment claims if it voluntarily consents to have all of its infringement claims pertaining to the patent-in-suit by **any** defendant (*i.e.*, as part of a class action or otherwise) adjudicated by a particular venue. This is a far cry from what NeXT is alleged to have done.

Motorola's reliance on *Foster Wheeler Energy Corp. v. Metallgesellschaft AG*, C.A. No. 91-214-SLR, 1993 WL 669447 (D. Del. Jan. 4, 1993) (Robinson, J.) is also misplaced. First, *Foster Wheeler* was not a declaratory judgment action. In *Foster Wheeler*, there were two cases filed in the District of Delaware: (1) by Metallgesellschaft AG ("MG") alleging infringement of its patents by Foster Wheeler Energy Corporation ("FWEC") and its corporate parent Foster Wheeler Corporation (a holding company) and (2) by FWEC alleging infringement of its own patents by MG and various other parties. *Id.* at *1. In the latter action, defendants MG, Lurgi GmbH and Lurgi AG filed a motion to dismiss for lack of personal jurisdiction, which was denied. *Id.* With respect to MG, the Court concluded that while the two suits involved different patents—*i.e.*, MG's patents versus FWEC's patents—it would be unfair "to allow MG 'to enjoy the full benefits of access to [this Court] *qua* plaintiff, while nonetheless retaining immunity from the courts' authority *qua* defendant in respect to claims by the very

4

party [Foster Wheeler] it was suing there.'" *Id.* at *3 (quoting *Gen. Contracting & Trading Co. v. Interpole, Inc.*, 940 F.2d 20, 23-24 (1st Cir. 1991) (substitutions in original)). Indeed, the sentence from *Foster Wheeler* quoted by Motorola, *see* Opp'n Br. at 7-8, is immediately preceded by the observation that "[t]he original choice to sue in Delaware was MG's." *Id.* at *4. At best, *Foster Wheeler* appears to stand for the more limited proposition that if a first party chooses to sue a second party in a foreign forum, that first party cannot later assert lack of personal jurisdiction when *that same second party* asserts its own claims (against the first party) in the same forum.[5] *Foster Wheeler* does **not** address the effect of such a suit on litigation with a *third* party, and certainly does not stand for the proposition that a decision to sue in a particular forum forever waives any jurisdictional defense there.

        The other cases cited in Motorola's opposition brief are not only non-binding on this Court, but also suffer from the same problem as the cases cited above, in that Motorola overstates their holdings. *See Pro Sports Inc. v. West*, 639 F. Supp. 2d 475 (D.N.J. 2009); *Pharmanet, Inc. v. DataSci Ltd. Liab. Co.*, CA. No. 08-2965, 2009 WL 396180 (D.N.J. Feb. 17, 2009); *Neuralstem, Inc. v. Stemcells, Inc.*, 573 F. Supp. 2d 888 (D. Md. 2008). For example, in *Pro Sports*, while the Court concluded that specific jurisdiction existed, the declaratory judgment defendant's prior suits in the district were not considered an automatic waiver of any personal jurisdiction defenses; instead, the Court conducted the standard personal jurisdiction analysis under the applicable long-arm statute and the due process clause. 639 F. Supp. 2d at 480-83. Likewise, in the unpublished *Pharmanet* decision, the Court did not characterize the defendant-patentee's filing of an infringement suit two days after plaintiff's filing of the declaratory

---

[5] With respect to Lurgi GmbH and Lurgi AG, the Court found that specific jurisdiction did not exist but there was general jurisdiction over the Lurgi defendants, reasoning that their business contracts with various Delaware corporations constituted sufficient contacts with the state of Delaware to satisfy the long-arm statute and comport with due process. *Id.* at *5-7.

5

judgment action as a *per se* waiver; instead, it was just one factor considered in the Court's minimum contacts analysis. 2009 WL 396180 at *13. Moreover, in *Pharmanet*, the Court further found that sufficient contacts existed for the exercise of personal jurisdiction based on the declaratory judgment defendant's license to an in-state company doing business within the state. *Id.* at *14. In *Neuralstem*, on the other hand, the Court did analyze personal jurisdiction in terms of "implied consent or waiver." 573 F. Supp. 2d at 897. Yet, *Neuralstem* is analogous to *Foster Wheeler*, discussed above, in that specific jurisdiction was found to exist on the basis of a prior suit within the district *between the same parties*. *Id.* at 898.

NeXT does not dispute that, having asserted patent infringement against HTC in the District of Delaware, it is in no position to argue that this Court lacks personal jurisdiction to adjudicate HTC's declaratory judgment claims of non-infringement or invalidity with regard to the '721 patent. But NeXT has not waived or implicitly consented to the declaratory judgment suit filed by **Motorola** in this district.[6] Motorola's attempt to overextend the caselaw discussed above should be rejected.

Thus, in the absence of any rebuttal to Defendants' analysis under Delaware's long-arm statute or the due process clause, *see* Opening Br. at 4-6, this Court should find that Motorola has failed to meet its burden of establishing personal jurisdiction over NeXT. Even if this Court is persuaded by Motorola's argument that NeXT's prior litigation against HTC is sufficient to establish minimum contacts, "other considerations would render jurisdiction unreasonable." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985) (listing among the relevant factors "the burden on the defendant," "the forum State's interest in

---

[6] Conversely, having filed patent infringement claims against Motorola in the Western District of Wisconsin, Defendants have not asserted and do not intend to assert personal jurisdiction defenses with respect to Motorola's counterclaims in that district.

6

{00471802;v1}

adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental substantive social policies") (internal quotations omitted).

Here, the judicial system's interest in obtaining the most efficient resolution of controversies would weigh strongly against finding personal jurisdiction in any event. As Motorola noted in its opposition, the Western District of Wisconsin has already set a schedule leading up to a trial in April 2012 for the action in which Defendants are asserting infringement of the same patents at issue in the instant case. Motorola does not dispute that it voluntarily dismissed its patent infringement claims in the Northern District of Illinois, *its home forum*, in order to assert those patents against Defendants as counterclaims in the Wisconsin case. (In other words, the parties have agreed to resolve at least a portion of their respective disputes in the Western District of Wisconsin.) Nor does Motorola appear to dispute that it would hardly serve the interests of judicial efficiency to litigate the same issues in both this district and in Wisconsin. Indeed, on December 23, 2010, it filed its own motion to dismiss (or in the alternative, to sever and transfer) Defendants' infringement claims in the Wisconsin case. Yet, when Defendants proposed consolidating all of the district court litigations between the parties in a single venue, *see* Cherensky Decl. ¶ 2 & Exh. A, Motorola stated that it "does not believe consolidation is appropriate." *See id.* Exh. B at 10. Thus, it is clear that Motorola is less concerned about avoiding inefficiencies than preserving what it no doubt perceives to be its own strategic advantage in litigating in multiple venues (including three different district courts). Motorola presents no compelling reasons why this Court, which is already overburdened with an

extremely heavy caseload, should add one more complicated patent infringement case to its docket when the Western District of Wisconsin is an equally suitable venue.

Because NeXT has not waived any personal jurisdiction defenses and the Court should find that it lacks personal jurisdiction over NeXT for the reasons explained above, proper venue cannot be established under 28 U.S.C. § 1391(b)(1).

### B. The Events Or Omissions Giving Rise To Motorola's Declaratory Judgment Claims Did Not Occur In Delaware

Turning next to 28 U.S.C. § 1391(b)(2), Motorola cannot establish that proper venue exists because it did not allege that Defendants performed any acts of "professing rights under the '721 patent against Motorola Mobility" within the state of Delaware. *See* Compl. at ¶ 10. Citing two non-binding district court cases, Motorola attempts to argue that the relevant acts giving rise to its declaratory judgment claims are the acts of patent infringement upon which the claim is based. *See* Opp'n Br. at 9. Yet, Federal Circuit law is clear that a declaratory judgment claim of non-infringement, invalidity and/or unenforceability "neither directly arises out of nor relates to the making, using, offering to sell, selling, or importing of arguably infringing products in the forum, but instead arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents-in-suit." *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008); *see also Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998) (observing that "[t]he injury of which a declaratory judgment plaintiff complains, then, is a wrongful restraint on the free exploitation of non-infringing goods" and explicitly rejecting the contrary approach of simply ignoring the declaratory judgment posture when analyzing such claims as arising out of instances of alleged infringement).[7] Significantly, Motorola does not dispute that because its primary

---

[7] Because Defendants' suit against HTC is an infringement action, not a declaratory judgment

8

place of business is in Illinois, any alleged acts of "professing rights under the '721 patent" by Defendants are unlikely to have occurred in Delaware.

In a footnote, *see* Opp'n Br. at 10 n.6, Motorola argues that the *St. Clair* and *Lex Computer* cases cited in Defendants' opening brief are inapplicable. *See St. Clair Intellectual Prop. Consultants, Inc. v. Mirage Sys., Inc.*, 419 F. Supp. 2d 620 (D. Del. 2006); *Lex Computer & Mgmt. Corp. v. Eslinger & Pelton, P.C.*, 676 F. Supp. 399, 406 (D.N.H. 1987). Aside from this passing reference, however, Motorola offers no real rebuttal to Defendants' arguments that proper venue cannot be established under § 1391(b)(2).

### C. Alternative Venues Were Available To Motorola

Motorola does not dispute that § 1391(b)(3) does not apply because there are other districts where Motorola's action could have otherwise been brought. For example, Motorola could have brought its declaratory judgment claims in at least the Northern District of California because both Apple and NeXT are California corporations with primary places of business in Cupertino, California.

### D. Dismissal Is The Appropriate Remedy

The proper cure for improper venue in this case is dismissal, rather than transfer, pursuant to 28 U.S.C. § 1406(a). Indeed, Motorola cannot reasonably dispute that transferring this action to the Northern District of California, where its declaratory judgment claims could have been filed originally, would achieve no judicial efficiency. As explained in Defendants' opening brief, venue would have been improper in Wisconsin or Florida, for the same reasons venue is improper in Delaware. Indeed, Motorola agrees that it could not have originally filed its declaratory judgment claims in the Western District of Wisconsin. *See* Opp'n Br. at 12-13.

---

action, it is accurate to say that Defendants' claims against HTC "arose in the District of Delaware as much as in any other district, because that is where the infringement occurred." *See* Opp'n Br. Exh. H at 11.

9

{00471802;v1}

### III. IN THE ALTERNATIVE, TRANSFER TO WISCONSIN IS APPROPRIATE

Even if the Court denies Defendants' motion to dismiss for improper venue, it should nonetheless exercise its discretion to transfer this action to the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a) or dismiss Motorola's complaint on the grounds of *forum non conveniens*. While Motorola trumpets the "first-filed rule" in its opposition brief, that is only one factor in this Court's multi-factor balancing test in analyzing whether to exercise its discretion to transfer. As argued in Defendants' opening brief (and not belabored here), the strongest argument in favor of transfer is judicial efficiency. Because the "mirror" infringement claims are already set for trial in April 2012 in the Western District of Wisconsin, litigating the same issues here would inevitably "lead[] to the wastefulness of time, energy and money that §1404(a) was designed to prevent." *Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26 (1960). Motorola's opposition brief presents no compelling reasons why the Court should not exercise its discretion to transfer this action and allow the parties to litigate the patents-in-suit in a single venue. Motorola's transparent forum-shopping should be rejected. Alternatively, given the already heavy dockets in this district and the unique opportunity for judicial efficiency if the parties resolve their dispute elsewhere, this Court should exercise its inherent power to decline the exercise of its jurisdiction and dismiss this case on the grounds of *forum non conveniens*.

### IV. CONCLUSION

For the reasons stated above and in Defendants' opening brief, Defendants respectfully request that the Court dismiss Motorola's complaint on the basis of improper venue. Alternatively, Defendants seek a transfer of Motorola's declaratory judgment claims to the Western District of Wisconsin.

|  |  |
|---|---|
|  | ASHBY & GEDDES |
|  |  |
|  | */s/ Tiffany Geyer Lydon* |
|  | _____ |
|  | Steven J. Balick (I. D. #2114) |
|  | John G. Day (I.D. #2403) |
| *Of Counsel:* | Tiffany Geyer Lydon (I.D. #3950) |
|  | 500 Delaware Avenue, 8th Floor |
| Matthew D. Powers | P.O. Box 1150 |
| Steven S. Cherensky | Wilmington, DE 19899 |
| Jill J. Ho | (302) 654-1888 |
| WEIL, GOTSHAL & MANGES LLP | sbalick@ashby-geddes.com |
| 201 Redwood Shores Parkway | jday@ashby-geddes.com |
| Redwood Shores, CA 94065 | tlydon@ashby-geddes.com |
| (650) 802-3000 |  |
|  | *Attorneys for Apple Inc. and* |
| Mark G. Davis | *NeXT Software, Inc.* |
| WEIL, GOTSHAL & MANGES LLP |  |
| 1300 Eye Street, N.W., Suite 900 |  |
| Washington, DC 20005 |  |
| (202) 682-7000 |  |
|  |  |
| Patricia Young |  |
| WEIL, GOTSHAL & MANGES LLP |  |
| 767 Fifth Avenue |  |
| New York, NY 10153 |  |
| (212) 310-8000 |  |

Dated: December 30, 2010