IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOTOROLA MOBILITY, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 10-867 (GMS) ) |
| APPLE INC., | ) **DEMAND FOR JURY TRIAL** ) |
| Defendant. | ) |

## AMENDED COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Motorola Mobility, Inc. ("Motorola Mobility"), for its Complaint against Defendant Apple Inc. ("Apple" or "Defendant"), alleges as follows:

## INTRODUCTION

1. This is an action brought by Motorola Mobility to obtain declaratory judgment that Apple has no rights against Motorola Mobility regarding U.S. Patents Nos. 5,455,599 ("the '599 patent"), 5,519,867 ("the '867 patent"), 5,566,337 ("the '337 patent"), 5,915,131 ("the '131 patent"), 5,929,852 ("the '852 patent"), 5,946,647 ("the '647 patent"), 5,969,705 ("the '705 patent"), 6,275,983 ("the '983 patent"), 6,343,263 ("the '263 patent"), 6,424,354 ("the '354 patent") and RE 39,486 ("the RE '486 patent") (collectively "the Apple patents" or "the patents-in-suit").

## PARTIES

2. Motorola Mobility is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048. Motorola Mobility, Inc. is a wholly-owned subsidiary of Motorola Mobility Holdings, Inc.

3. On information and belief, Apple is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## BACKGROUND

4. Defendant has a history of asserting the patents-in-suit against the Android operating system for mobile phones. For example, Defendant filed two separate cases in this District against High Tech Computer Corp. ("HTC") and its affiliates, wherein it alleges that phones using the Android operating system infringe the patents-in-suit *(see* C.A. Nos. 10-166 (involving the '867, '337, '131, '852, '647, '705, '983, '263, and RE '486 patents) and 10-167 (involving the '599 and '354 patents)). Moreover, in a case pending at the International Trade Commission (Investigation No. 337-TA-710), Defendant contends that the patents-in-suit are infringed by the Android operating system used in HTC's mobile phones.

5. Like HTC, Motorola Mobility manufactures and sells mobile phones that also use the Android operating system, and Motorola Mobility has engaged in confidential negotiations with Defendant regarding the licensing of Defendant's intellectual property. As a result of these negotiations and Defendant's litigation history, including Defendant's recent assertion of the patents-in-suit against the Android operating system, Motorola Mobility has a reasonable apprehension that it faces an infringement suit related to the patents-in-suit.

## JURISDICTION AND VENUE

6. This lawsuit is a civil action arising under the patent laws of the United States, 35 U.S.C. § 101, *et seq.,* and the Declaratory Judgment Act, 35 U.S.C. § 2201. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Apple. On information and belief, Apple has significant contacts with this forum because Apple manufactures (directly or indirectly through third party manufacturers) and/or assembles products that are and have been offered for sale, sold, purchased, and used in this District. On information and belief, Apple transacts business in this District by means of retail operations within this District. Moreover, on information and belief, Apple has purposefully directed its activities at this District by professing rights under the Apple patents against Motorola Mobility as a subsidiary of Motorola Mobility Holdings, Inc. -- both corporations organized and existing under the laws of the State of Delaware -- and thus, Apple expects or should reasonably expect to be haled into court here. In this manner, exercise of jurisdiction over Apple will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with the Delaware long-arm statute, 10 Del. Code § 3104.

8. On information and belief, Apple has initiated suits in this District that allege infringement of one or more of the patents-in-suit (C.A. Nos. 10-166 and 10-167). Moreover, Defendant has opposed motions to transfer venue of these actions to other judicial districts.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

### COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,455,599

10. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9.

11. On information and belief, Apple has professed rights against Motorola Mobility under the '599 patent based on Motorola Mobility's activities related to Motorola

Mobility's Droid, Droid 2, Droid X, Cliq, Cliq XT, BackFlip, Devour A555, i1 and Charm products. A true and correct copy of the '599 patent is attached to this Complaint as Exhibit 1.

12. An actual controversy exists between Motorola Mobility and Apple with respect to Motorola Mobility's non-infringement of the '599 patent.

13. Motorola Mobility has not directly or indirectly infringed and is not directly or indirectly infringing any valid, enforceable claim of the '599 patent as defined by 35 U.S.C. § 271.

### COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 5,455,599

14. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9 and 11.

15. An actual controversy exists between Motorola Mobility and Apple with respect to the validity of the '599 patent.

16. Each claim of the '599 patent fails to meet one or more of the statutory requirements and/or conditions for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101-103 and 112.

17. Each claim of the '599 patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103.

18. The claims of the '599 patent are also invalid for lack of enablement, insufficient written description, indefiniteness and/or failure to disclose the best mode of the invention as required by 35 U.S.C. § 112. The claims of the '599 patent are vague and indefinite

and incorporate limitations that are neither disclosed, described, explained, nor enabled by the specification of the '599 patent.

### COUNT III: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,519,867

19. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9.

20. On information and belief, Apple has professed rights against Motorola Mobility under the '867 patent based on Motorola Mobility's activities related to Motorola Mobility's Droid, Droid 2, Droid X, Cliq, Cliq XT, BackFlip, Devour A555, i1 and Charm products. A true and correct copy of the '867 patent is attached to this Complaint as Exhibit 2.

21. An actual controversy exists between Motorola Mobility and Apple with respect to Motorola Mobility's non-infringement of the '867 patent.

22. Motorola Mobility has not directly or indirectly infringed and is not directly or indirectly infringing any valid, enforceable claim of the '867 patent as defined by 35 U.S.C. § 271.

### COUNT IV: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 5,519,867

23. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9 and 20.

24. An actual controversy exists between Motorola Mobility and Apple with respect to the validity of the '867 patent.

25. Each claim of the '867 patent fails to meet one or more of the statutory requirements and/or conditions for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101-103 and 112.

26. Each claim of the '867 patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103.

27. The claims of the '867 patent are also invalid for lack of enablement, insufficient written description, indefiniteness and/or failure to disclose the best mode of the invention as required by 35 U.S.C. § 112. The claims of the '867 patent are vague and indefinite and incorporate limitations that are neither disclosed, described, explained, nor enabled by the specification of the '867 patent.

## COUNT V: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,566,337

28. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9.

29. On information and belief, Apple has professed rights against Motorola Mobility under the '337 patent based on Motorola Mobility's activities related to Motorola Mobility's Droid, Droid 2, Droid X, Cliq, Cliq XT, BackFlip, Devour A555, i1 and Charm products. A true and correct copy of the '337 patent is attached to this Complaint as Exhibit 3.

30. An actual controversy exists between Motorola Mobility and Apple with respect to Motorola Mobility's non-infringement of the '337 patent.

31. Motorola Mobility has not directly or indirectly infringed and is not directly or indirectly infringing any valid, enforceable claim of the '337 patent as defined by 35 U.S.C. § 271.

## COUNT VI: DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 5,566,337

32. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9 and 29.

33. An actual controversy exists between Motorola Mobility and Apple with respect to the validity of the '337 patent.

34. Each claim of the '337 patent fails to meet one or more of the statutory requirements and/or conditions for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101-103 and 112.

35. Each claim of the '337 patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103.

36. The claims of the '337 patent are also invalid for lack of enablement, insufficient written description, indefiniteness and/or failure to disclose the best mode of the invention as required by 35 U.S.C. § 112. The claims of the '337 patent are vague and indefinite and incorporate limitations that are neither disclosed, described, explained, nor enabled by the specification of the '337 patent.

## COUNT VII: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 5,915,131

37. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9.

38. On information and belief, Apple has professed rights against Motorola Mobility under the '131 patent based on Motorola Mobility's activities related to Motorola

Mobility's Droid, Droid 2, Droid X, Cliq, Cliq XT, BackFlip, Devour A555, i1 and Charm products. A true and correct copy of the '131 patent is attached to this Complaint as Exhibit 4.

39. An actual controversy exists between Motorola Mobility and Apple with respect to Motorola Mobility's non-infringement of the '131 patent.

40. Motorola Mobility has not directly or indirectly infringed and is not directly or indirectly infringing any valid, enforceable claim of the '131 patent as defined by 35 U.S.C. § 271.

## COUNT VIII: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 5,915,131

41. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9 and 38.

42. An actual controversy exists between Motorola Mobility and Apple with respect to the validity of the '131 patent.

43. Each claim of the '131 patent fails to meet one or more of the statutory requirements and/or conditions for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101-103 and 112.

44. Each claim of the '131 patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103.

45. The claims of the '131 patent are also invalid for lack of enablement, insufficient written description, indefiniteness and/or failure to disclose the best mode of the invention as required by 35 U.S.C. § 112. The claims of the '131 patent are vague and indefinite

and incorporate limitations that are neither disclosed, described, explained, nor enabled by the specification of the '131 patent.

### COUNT IX: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,929,852

46. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9.

47. On information and belief, Apple has professed rights against Motorola Mobility under the '852 patent based on Motorola Mobility's activities related to Motorola Mobility's Droid, Droid 2, Droid X, Cliq, Cliq XT, BackFlip, Devour A555, i1 and Charm products. A true and correct copy of the '852 patent is attached to this Complaint as Exhibit 5.

48. An actual controversy exists between Motorola Mobility and Apple with respect to Motorola Mobility's non-infringement of the '852 patent.

49. Motorola Mobility has not directly or indirectly infringed and is not directly or indirectly infringing any valid, enforceable claim of the '852 patent as defined by 35 U.S.C. § 271.

### COUNT X: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 5,929,852

50. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9 and 47.

51. An actual controversy exists between Motorola Mobility and Apple with respect to the validity of the '852 patent.

52. Each claim of the '852 patent fails to meet one or more of the statutory requirements and/or conditions for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101-103 and 112.

53. Each claim of the '852 patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103.

54. The claims of the '852 patent are also invalid for lack of enablement, insufficient written description, indefiniteness and/or failure to disclose the best mode of the invention as required by 35 U.S.C. § 112. The claims of the '852 patent are vague and indefinite and incorporate limitations that are neither disclosed, described, explained, nor enabled by the specification of the '852 patent.

### COUNT XI: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,946,647

55. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9.

56. On information and belief, Apple has professed rights against Motorola Mobility under the '647 patent based on Motorola Mobility's activities related to Motorola Mobility's Droid, Droid 2, Droid X, Cliq, Cliq XT, BackFlip, Devour A555, i1 and Charm products. A true and correct copy of the '647 patent is attached to this Complaint as Exhibit 6.

57. An actual controversy exists between Motorola Mobility and Apple with respect to Motorola Mobility's non-infringement of the '647 patent.

58. Motorola Mobility has not directly or indirectly infringed and is not directly or indirectly infringing any valid, enforceable claim of the '647 patent as defined by 35 U.S.C. § 271.

## COUNT XII: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 5,946,647

59. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9 and 56.

60. An actual controversy exists between Motorola Mobility and Apple with respect to the validity of the '647 patent.

61. Each claim of the '647 patent fails to meet one or more of the statutory requirements and/or conditions for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101-103 and 112.

62. Each claim of the '647 patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103.

63. The claims of the '647 patent are also invalid for lack of enablement, insufficient written description, indefiniteness and/or failure to disclose the best mode of the invention as required by 35 U.S.C. § 19. The claims of the '647 patent are vague and indefinite and incorporate limitations that are neither disclosed, described, explained, nor enabled by the specification of the '647 patent.

## COUNT XIII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,969,705

64. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9.

65. On information and belief, Apple has professed rights against Motorola Mobility under the '705 patent based on Motorola Mobility's activities related to Motorola

Mobility's Droid, Droid 2, Droid X, Cliq, Cliq XT, BackFlip, Devour A555, i1 and Charm products. A true and correct copy of the '705 patent is attached to this Complaint as Exhibit 7.

66. An actual controversy exists between Motorola Mobility and Apple with respect to Motorola Mobility's non-infringement of the '705 patent.

67. Motorola Mobility has not directly or indirectly infringed and is not directly or indirectly infringing any valid, enforceable claim of the '705 patent as defined by 35 U.S.C. § 271.

### COUNT XIV: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 5,969,705

68. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9 and 65.

69. An actual controversy exists between Motorola Mobility and Apple with respect to the validity of the '705 patent.

70. Each claim of the '705 patent fails to meet one or more of the statutory requirements and/or conditions for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101-103 and 112.

71. Each claim of the '705 patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103.

72. The claims of the '705 patent are also invalid for lack of enablement, insufficient written description, indefiniteness and/or failure to disclose the best mode of the invention as required by 35 U.S.C. § 19. The claims of the '705 patent are vague and indefinite

and incorporate limitations that are neither disclosed, described, explained, nor enabled by the specification of the '705 patent.

## COUNT XV: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,275,983

73. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9.

74. On information and belief, Apple has professed rights against Motorola Mobility under the '983 patent based on Motorola Mobility's activities related to Motorola Mobility's Droid, Droid 2, Droid X, Cliq, Cliq XT, BackFlip, Devour A555, i1 and Charm products. A true and correct copy of the '983 patent is attached to this Complaint as Exhibit 8.

75. An actual controversy exists between Motorola Mobility and Apple with respect to Motorola Mobility's non-infringement of the '983 patent.

76. Motorola Mobility has not directly or indirectly infringed and is not directly or indirectly infringing any valid, enforceable claim of the '983 patent as defined by 35 U.S.C. § 271.

## COUNT XVI: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,275,983

77. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9 and 74.

78. An actual controversy exists between Motorola Mobility and Apple with respect to the validity of the '983 patent.

79. Each claim of the '983 patent fails to meet one or more of the statutory requirements and/or conditions for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101-103 and 112.

80. Each claim of the '983 patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103.

81. The claims of the '983 patent are also invalid for lack of enablement, insufficient written description, indefiniteness and/or failure to disclose the best mode of the invention as required by 35 U.S.C. § 112. The claims of the '983 patent are vague and indefinite and incorporate limitations that are neither disclosed, described, explained, nor enabled by the specification of the '983 patent.

### COUNT XVII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,343,263

82. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9.

83. On information and belief, Apple has professed rights against Motorola Mobility under the '263 patent based on Motorola Mobility's activities related to Motorola Mobility's Droid, Droid 2, Droid X, Cliq, Cliq XT, BackFlip, Devour A555, i1 and Charm products. A true and correct copy of the '263 patent is attached to this Complaint as Exhibit 9.

84. An actual controversy exists between Motorola Mobility and Apple with respect to Motorola Mobility's non-infringement of the '263 patent.

85. Motorola Mobility has not directly or indirectly infringed and is not directly or indirectly infringing any valid, enforceable claim of the '263 patent as defined by 35 U.S.C. § 271.

## COUNT XVIII: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,343,263

86. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9 and 83.

87. An actual controversy exists between Motorola Mobility and Apple with respect to the validity of the '263 patent.

88. Each claim of the '263 patent fails to meet one or more of the statutory requirements and/or conditions for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101-103 and 112.

89. Each claim of the '263 patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103.

90. The claims of the '263 patent are also invalid for lack of enablement, insufficient written description, indefiniteness and/or failure to disclose the best mode of the invention as required by 35 U.S.C. § 112. The claims of the '263 patent are vague and indefinite and incorporate limitations that are neither disclosed, described, explained, nor enabled by the specification of the '263 patent.

## COUNT XIX: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,424,354

91. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9.

92. On information and belief, Apple has professed rights against Motorola Mobility under the '354 patent based on Motorola Mobility's activities related to Motorola

15

Mobility's Droid, Droid 2, Droid X, Cliq, Cliq XT, BackFlip, Devour A555, i1 and Charm products. A true and correct copy of the '354 patent is attached to this Complaint as Exhibit 10.

93. An actual controversy exists between Motorola Mobility and Apple with respect to Motorola Mobility's non-infringement of the '354 patent.

94. Motorola Mobility has not directly or indirectly infringed and is not directly or indirectly infringing any valid, enforceable claim of the '354 patent as defined by 35 U.S.C. § 271.

### COUNT XX: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,424,354

95. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9 and 92.

96. An actual controversy exists between Motorola Mobility and Apple with respect to the validity of the '354 patent.

97. Each claim of the '354 patent fails to meet one or more of the statutory requirements and/or conditions for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101-103 and 112.

98. Each claim of the '354 patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103.

99. The claims of the '354 patent are also invalid for lack of enablement, insufficient written description, indefiniteness and/or failure to disclose the best mode of the invention as required by 35 U.S.C. § 112. The claims of the '354 patent are vague and indefinite

and incorporate limitations that are neither disclosed, described, explained, nor enabled by the specification of the '354 patent.

### COUNT XXI: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. RE 39,486

100. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9.

101. On information and belief, Apple has professed rights against Motorola Mobility under the RE '486 patent based on Motorola Mobility's activities related to Motorola Mobility's Droid, Droid 2, Droid X, Cliq, Cliq XT, BackFlip, Devour A555, i1 and Charm products. A true and correct copy of the RE '486 patent is attached to this Complaint as Exhibit 11.

102. An actual controversy exists between Motorola Mobility and Apple with respect to Motorola Mobility's non-infringement of the RE '486 patent.

103. Motorola Mobility has not directly or indirectly infringed and is not directly or indirectly infringing any valid, enforceable claim of the RE '486 patent as defined by 35 U.S.C. § 271.

### COUNT XXII: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. RE 39,486

104. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1-9 and 101.

105. An actual controversy exists between Motorola Mobility and Apple with respect to the validity of the RE '486 patent.

106. Each claim of the RE '486 patent fails to meet one or more of the statutory requirements and/or conditions for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101-103 and 112.

107. Each claim of the RE '486 patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103.

108. The claims of the RE '486 patent are also invalid for lack of enablement, insufficient written description, indefiniteness and/or failure to disclose the best mode of the invention as required by 35 U.S.C. § 112. The claims of the RE '486 patent are vague and indefinite and incorporate limitations that are neither disclosed, described, explained, nor enabled by the specification of the RE '486 patent.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Motorola Mobility demands a trial by jury of this action.

## REQUEST FOR RELIEF

WHEREFORE, Motorola Mobility respectfully requests that:

(a) Judgment be entered declaring that Motorola Mobility has not infringed, induced the infringement of, or contributed to the infringement of and is not infringing, inducing the infringement of, or contributing to the infringement of any valid, enforceable claim of any of the patents-in-suit;

(b) Judgment be entered declaring that one or more claims of each of the patents-in suit is invalid;

(c) Judgment be entered finding that this is an exceptional case entitling Motorola Mobility to an award of its attorneys' fees for bringing and prosecuting this action, together with interest, and costs of the action under 35 U.S.C. § 285; and

    (d)  Judgment be entered awarding Motorola Mobility such other and further relief as this Court may deem just and proper.

                        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                        */s/ Jack Blumenfeld*

                        Jack Blumenfeld (#1014)
                        Maryellen Noreika (#3208)
                        1201 North Market Street
                        Wilmington, DE 19801
                        (302) 658-9200
                        jblumenfeld@mnat.com
OF COUNSEL:              mnoreika@mnat.com

Charles K. Verhoeven         *Attorneys for Plaintiff Motorola Mobility, Inc.*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

Edward J. DeFranco
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

David A. Nelson
Stephen A. Swedlow
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, IL 60661
(312) 705-7400

December 26, 2011
4758003.2