IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOTOROLA MOBILITY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 10-cv-867 (GMS) |
| ) | |
| APPLE INC., ) | |
| ) | |
| Defendant. ) | |

### ORDER

At Wilmington, this 5th day of January, 2012, having considered Apple, Inc.'s Motion to Dismiss or, in the Alternative, to Transfer Venue (D.I. 9), the parties' written submissions (D.I. 10-13) and oral arguments at the December 28, 2011 teleconference, and the applicable law;

IT IS HEREBY ORDERED that Apple's motion to transfer venue (D.I. 9) is GRANTED. The court finds that the interest of judicial efficiency favors allowing this case to proceed in the Northern District of Illinois[1] rather than in this court[2];

---

[1] An infringement action involving the same parties as those in the instant litigation and, ultimately, the same patents, was originally filed in the Western District of Wisconsin. (D.I. 9 at 1.) That matter, captioned as 10-cv-662 before the Honorable Judge Barbara B. Crabb, was recently transferred to the Northern District of Illinois due to scheduling conflicts for Judge Crabb and the agreement of the Honorable Richard A. Posner of the U.S. Court of Appeals for the Seventh Circuit, sitting by designation in the Northern District of Illinois, to hear the 10-cv-662 action. (D.I. 23 at 1-2.)

[2] It is well-established that a district court may, pursuant to 28 U.S.C. § 1404(a), transfer a civil action "for the convenience of the parties and witnesses, in the interest of justice . . . to any other district . . . where it might have been brought." *See* 28 U.S.C. § 1404(a). In determining whether to transfer a given matter, a district court, in its discretion, may grant such a motion if "individualized, case-by-case consideration of convenience and fairness" direct that court to conclude that the convenience of the parties, witnesses, and the public, and the conservation of time, energy, and financial resources are better served by trying the action in another district. *See, e.g., Van Dusen.* 376 U.S. 612, 616 (1964); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted). The Third Circuit has further directed that district courts should make this determination "taking into account and balancing a number of private and public interest factors." *See Jumara v. State Farm. Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). In this assessment, private interest factors include: (1) the "plaintiff's forum preference as manifested in the original choice"; (2) the defendant's preference; (3) "whether the claim arose elsewhere"; (4) the convenience "of the parties as indicated by their relative physical and financial condition"; (5) the "convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; and (6) the "location of books and records." *See id.* at 879-80. Additionally, public interest factors include: (1) "the enforceability of the judgment"; (2) "practical considerations that could make the trial easy, expeditious, or inexpensive"; (3) the "relative administrative difficulty in the two fora resulting from court congestion"; (4) the "local interest in deciding

IT IS HEREBY FURTHER ORDERED that the Clerk is directed to close this case.

/s/ [signature]

CHIEF, UNITED STATES DISTRICT JUDGE

---

local controversies at home"; (5) the "public policies of the fora"; and (6) "the familiarity of the trial judge with the application state law in diversity cases." *Id.*

Moreover, while procedural matters such as this are governed by Third Circuit law, the Federal Circuit has also established that, in reference to a district court's assessment of whether to accept or decline jurisdiction in a declaratory judgment action, there is a general preference for the jurisdiction in which the action was "first filed." *See Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347-48. This preference, however, is not absolute. Rather, the first-filed action is generally preferred "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise." *See Elecs. for Imagining, Inc.*, 394 F.3d at 1347. Notably, such "'[e]xceptions . . . are not rare,'" though there "must . . . be sound reason that would make it unjust or inefficient to continue the first-filed action.'" *See id.* (quoting *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937-38 (Fed. Cir. 1993)).

In consideration of the relevant law and the parties' written and oral arguments in connection with the instant motion, the court concludes that Apple's motion to transfer should be granted. Specifically, although Motorola is considered the first-filer in this action, the considerations and factors identified above outweigh the deference afforded to Motorola's choice of forum and necessitates transfer for reasons of judicial efficiency. In particular, the court finds transfer appropriate in light of: (1) the overlap in the patents, parties, and general technology involved in each action, such that litigating the instant matter in Delaware at the same time that the Northern District of Illinois action continues, could result in inconsistent rulings and/or verdicts; (2) the fact that a *Markman* hearing was already held in 10-cv-622 and Judge Crabb issued a decision construing at least some of the claim terms involved in that action (Transcript of December 28, 2011 Teleconference (hereinafter, "Tr."), 7:13-25); (3) issues of judicial economy, including the fact that the instant Delaware action is, at present, in its very early stages, whereas the Northern District of Illinois action has engaged the parties in substantial discovery and is scheduled for oral argument on summary judgment motions on January 11, 2012 (id. at 4:1-4; 9:11-21); (4) the timing of both litigations, which sets a proposed trial date for the Northern District of Illinois 10-cv-662 action in summer 2012, whereas the earliest trial date in Delaware would be slated for late summer 2013 (D.I. 23, Ex. A); (5) the fact that neither this court nor Judge Posner have, at this juncture, developed great familiarity with the technology at issue, given the early stage of the Delaware action and the recent transfer of the 10-cv-662 matter from Wisconsin to the Northern District of Illinois, such that this consideration does not factor heavily in the transfer analysis; and (6) the fact that the related Apple matters in Delaware are currently stayed and, thus, are unlikely to proceed further in the litigation process or to trial during the pendency of the Illinois action.

The court further notes that, aside from choice of forum, the parties did not concentrate their written submissions or oral arguments on the private interest factors identified in *Jumara*. The court also recognizes that in cases such as this, where both parties possess sufficient financial resources such that travel expenses associated with litigating in another forum are not overly burdensome, this factor is often rendered neutral. *See Acuity Brands, Inc. v. Cooper Indus.*, C.A. No. 07-444, 2008 U.S. Dist. LEXIS 58364, *8 (D. Del. July 31, 2008). Thus, as considerations of witness convenience, financial constraint, and the location of books and records are not significant issues, the court finds that the public interest factors discussed in the preceding paragraph guide the analysis and that the balance of interests necessitates the transfer of this action to the Northern District of Illinois.

Finally, the court concludes by noting that although Apple's motion to transfer is granted, Apple's argument that this case should not be tried in Delaware for reasons of forum non conveniens fails to persuade the court and, in fact, strikes it as disingenuous. Specifically, as Apple, the plaintiff, and the court are well aware, Apple has filed patent infringement actions in Delaware, including, most recently, suits against High Tech Computer, Co. ("HTC"). Moreover, Apple has argued to keep the HTC actions in Delaware despite HTC's motions to transfer in those cases. Consequently, while Apple correctly identified in its Reply that "the strongest argument in favor of transfer is judicial efficiency" (D.I. 13 at 10), the court urges Apple and other parties to refrain from extending their advocacy to arguments that, as was the case here, appear less than forthright.